1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

KATHERINE HONOR RICH,

CASE NO. C20-0813JLR

11

Plaintiff,

v.

ORDER DENYING MOTION
FOR ATTORNEY FEES

12
13

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,

14

Defendant.

15

## I.     INTRODUCTION

16

17

Before the court is Plaintiff Katherine Honor Rich's motion for attorney fees.

18

(Mot. (Dkt. # 13).)  Defendant United States Citizenship and Immigration Services

19

("USCIS") opposes the motion.  (Resp. (Dkt. # 17.)  Neither party requests oral

20

argument.  (*See* Mot. at 1; Resp. at 1.)  Having considered the parties' submissions and

21

the applicable law, the court DENIES Ms. Rich's motion.

22

*//*

ORDER DENYING MOTION FOR ATTORNEY FEES - 1

## II.    BACKGROUND

Ms. Rich is an attorney who represents low-income clients in immigration matters and represented G.M.O.A.[1] in her naturalization application.  (Compl. (Dkt. # 1) ¶¶ 9-10; Rich Decl. (Dkt. # 15) ¶¶ 1-2.)  USCIS issued a Notice of Intent to Deny G.M.O.A.'s application based on the allegation that G.M.O.A. "had a history of unlawful presence in the U.S. that would have made her permanently ineligible for residency status and that this ineligibility was not disclosed to or waived by USCIS."  (Rich Decl. ¶¶ 3-4, Ex. 1.) To counter that allegation, Ms. Rich filed a Freedom of Information Act ("FOIA") request on March 2, 2020, for information from G.M.O.A.'s prior interviews with USCIS.  (*Id.* ¶¶ 6-8.)

USCIS receives numerous FOIA requests, many from individuals who, like G.M.O.A., require information from their files to advance their case.  (Eggleston Decl. (Dkt. # 18) ¶ 5.)  USCIS processes FOIA requests on a first-in/first-out ("FIFO") basis. (*Id.*)  USCIS received Ms. Rich's FOIA request on or around March 2, 2020, and acknowledged receipt on March 5, 2020, in a form letter that explained the FIFO system and warned that "[d]ue to the increasing number of FOIA requests received by this office, [there may be] some delay in processing your request."  (*Id.* ¶ 6, Ex. 2 at 1.)

At that time of Ms. Rich's request, USCIS had around 5,822 other similar FOIA requests that had been received prior to Ms. Rich's submission.  (*Id.* ¶ 7.)  A few weeks later, the COVID-19 pandemic forced USCIS FOIA operations to transition to full-time

---

[1] Ms. Rich had assured her client that her name would be redacted in this matter.  (Rich Decl. ¶ 2.)  The court honors this assurance by referring to the client through her initials only.

1  telework, which USCIS represents as "a significant and unexpected change" that

2  presented "a number of technical and logistical challenges that impacted [its] operations

3  and productivity." (*Id.*)

4  　　Ms. Rich did not obtain a response to her FOIA request within the 20 business-day

5  period designated in 5 U.S.C. § 522(a)(6)(A)(i). (*See* Rich Decl. ¶ 8.) Thus, she filed the

6  instant action on May 29, 2020. (*Id.* ¶ 9; *see* Compl.) Ms. Rich twice allowed extensions

7  for USCIS to answer the complaint in hopes of reaching resolution. (Rich Decl. ¶ 10;

8  Stip. Mot. for Ext. (Dkt. # 5); 2d Stip. Mot. for Ext. (Dkt. # 7).) Eventually, Ms. Rich

9  received responsive records on August 3, 2020. (McLawsen Decl. (Dkt. # 14) ¶ 2; Rich

10  Decl. ¶ 11; *see* Eggleston Decl. ¶ 8.) USCIS contends that it "did not move [Ms. Rich's

11  request] up or expedite it in the FIFO queue because of the filing of the lawsuit, nor did

12  [it] deviate from [its] normal FIFO practice." (Eggleston Decl. ¶ 8.) Having resolved the

13  records issue, the parties now dispute the issue of fees. (*See* Mot.; Resp.)

14  ### III.　ANALYSIS

15  　　"To obtain an award of attorney fees under the FOIA, a plaintiff must demonstrate

16  both eligibility and entitlement to the award." *Or. Nat'l Desert Ass'n v. Locke*, 572 F.3d

17  610, 614 (9th Cir. 2009); *see Long v. U.S. Internal Revenue Serv.*, 932 F.2d 1309, 1313

18  (9th Cir. 1991). The parties here disagree on both eligibility and entitlement. (*See* Mot.

19  at 6-13; Resp. at 5-11.) Because the court finds that Ms. Rich has not demonstrated

20  eligibility for attorney fees, the analysis ends there.[2]

21

22  　　[2] At the outset, the parties disagree on whether information regarding settlement is
properly before the court. (*See* Resp. at 4-5.) The Ninth Circuit allows consideration of

1    Eligibility requires a plaintiff to show that he or she "has substantially prevailed"

2  in its FOIA suit by obtaining relief through either:  (1) a judicial order, or an enforceable

3  written agreement or consent decree; or (2) a voluntary or unilateral change in position by

4  the agency, if the plaintiff's claim is not insubstantial.  5 U.S.C. §§ 552(a)(4)(E)(i)-(ii);

5  *First Amendment Coal. v. U.S. Dep't of Justice*, 878 F.3d 1119, 1126 (9th Cir. 2017).

6  There was no judicial order, enforceable written agreement or consent decree here.  (*See*

7  Mot.; Resp.)  Thus, only the second avenue of eligibility remains.

8    Parties pursuing this second avenue must still demonstrate "a causal nexus

9  between the litigation and the voluntary disclosure or change in position by the

10  Government."  *First Amendment Coal.*, 878 F.3d at 1128.  To do so, the plaintiff must

11  "present 'convincing evidence' that the filing of the action 'had a substantial causative

12  effect on the delivery of the information.'"  *Id.* (quoting *Church of Scientology of Cal. v.*

13  *U.S. Postal Serv.*, 700 F.2d 486, 491 (9th Cir. 1983)).  The Ninth Circuit lays out three

14  factors to consider when determining whether the suit had a substantial causative effect

15  on the voluntary change in position:  (1) when the documents were released; (2) what

16  actually triggered the documents' release; and (3) whether the plaintiff was entitled to the

17  documents at an earlier time.  *Id.* at 1129 (citing *Church of Scientology*, 700 F.2d at 492).

18    In *First Amendment Coalition*, the Ninth Circuit applied these three factors to

19  conclude that the plaintiff had substantially prevailed.  *See id.* at 1129-30.  First, the

20  //

21

22

settlement negotiations for determining the reasonableness of attorney fees.  *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011).  But here, even taking into consideration the settlement evidence, the court finds no demonstration of Ms. Rich's eligibility.

ORDER DENYING MOTION FOR ATTORNEY FEES - 4

1    government agency had displayed "abject resistance" throughout the entire litigation and

2    did not produce the requested documents until two and a half years after the lawsuit was

3    initiated. *Id.* Second, what actually triggered the documents' release was the plaintiff's

4    "dogged determination," which led to a district court action that resulted in the voluntary

5    disclosure of information. *Id.* at 1129-30. And third, the Ninth Circuit pointed to a

6    district court error in dismissing the suit, causing the plaintiff "to endure unnecessarily

7    protracted litigation." *Id.* at 1130.

8         Other courts have similarly required some showing that the lawsuit prompted the

9    voluntary production of documents. For example, in *Gahagan v. U.S. Citizenship and*

10   *Immigration Servs.,* No. 14-2233, 2016 WL 3090216 (E.D. La. June 2, 2016), the court

11   found that the plaintiff had substantially prevailed when USCIS did not voluntarily turn

12   over the documents at issue until three summary judgment motions had been filed over

13   nearly a year. *Id.* at *1, *9. In *Gahagan v. U.S. Citizenship and Immigration Servs.*, No.

14   15-796, 2016 WL 3127209 (E.D. La. June 3, 2016) ("*Gahagan II*"), USCIS

15   acknowledged that it conducted a supplemental search "in an effort to bring resolution to

16   this matter," which also spanned nearly a year. *Id.* at *1-2. This supplemental search

17   found a responsive document, which was then voluntarily released. *Id.* at *2. The court

18   observed that to be convincing evidence of the required substantial causative effect. *Id.*

19        Unlike the above cases, Ms. Rich has not produced the convincing evidence

20   necessary to show she has substantially prevailed. First, unlike the protracted matters

21   above that spanned years and several motions, Ms. Rich's case was resolved without

22   court intervention in only two months. *See, e.g.*, *First Amendment Coal.*, 878 F.3d at

1    1129; (*see* Compl.; Rich Decl. ¶ 11.)  Second, USCIS submits evidence that what

2    actually triggered the release was the simple fact that Ms. Rich's request had reached the

3    top of the FIFO queue in mid to late June.  (Eggleston Decl. ¶ 8.)  Unlike *Gahagan II*,

4    where the agency admitted to taking action in order to reach resolution of the suit, USCIS

5    emphasizes the exact opposite:  it did nothing differently in its processing of Ms. Rich's

6    request despite the initiation of this suit and the negotiations between attorneys on the

7    matter.[3]  *See* 2016 WL 3127209, at *2; (Eggleston Decl. ¶ 8; McLawsen Decl. ¶ 2.)  And

8    third, while the court recognizes that USCIS did not process the request within the 20-day

9    statutory period, nothing caused Ms. Rich to "endure unnecessarily protracted litigation,"

10   as in *First Amendment Coalition*.  *See* 878 F.3d at 1130.  Ms. Rich has not presented any

11   case where a court has found eligibility on similar circumstances.

12          Ms. Rich's only argument for eligibility is a temporal one.  She contends that she

13   had not received the requested documents before the filing of this suit, and the

14   government subsequently released the records.  (*See* Mot. at 8-9; Reply (Dkt. # 19) at 2

15   ("After her lawsuit was filed, the agency 'changed its position.'").)  But as *First*

16   *Amendment Coalition* cautioned, "the mere fact that information sought was not released

17   until after the lawsuit was instituted is insufficient to establish that a complainant has

18   'substantially prevailed.'"  878 F.3d at 1128 (quoting *Church of Scientology*, 700 F.2d at

19   //

20
21          [3] Indeed, *First Amendment Coalition* seemed to identify this scenario—where
     "administrative compliance with statutory production requirements" rather than the lawsuit
     "triggered the release"—as one in which the voluntary release of information has nothing to do
22   with the FOIA suit.  878 F.3d at 1128 (citing *Van Strum v. Thomas*, No. 88-4153, 1989 WL
     90175, at *1 (9th Cir. Aug. 2, 1989)).

491-92) (internal quotation marks omitted).  Without more, Ms. Rich has not shown that she is eligible for attorney fees.

On these facts, the court finds that Ms. Rich's suit did not have a substantial causative effect on USCIS's subsequent release of documents and that consequently, Ms. Rich did not "substantially prevail" and is not eligible for attorney fees.  Accordingly, the court denies Ms. Rich's motion.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Ms. Rich's motion for attorney fees (Dkt. # 13).

Dated this 21st day of December, 2020.

JAMES L. ROBART
United States District Judge

ORDER DENYING MOTION FOR ATTORNEY FEES - 7